IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD SCOTT MAYEK,

                Plaintiff,

  v.

GUNDERSEN HOSPITAL-BOSCOBEL,　　　　　　　　　　　OPINION and ORDER
TIMOTHY BRIESKE, EILEEN GAVIN, DR. GROSS,
L. ADAMS, JOHN DOE EMPLOYERS, and　　　　　　　　21-cv-151-jdp
WISCONSIN PATIENTS COMPENSATION FUND,

                Defendants.

---

Plaintiff Gerald Scott Mayek, appearing pro se, is a prisoner at Wisconsin Secure Program Facility (WSPF). Mayek alleges that prison medical staff and doctors at outside facilities have failed to adequately treat his pain from a fractured vertebra and have failed to arrange for surgery. Mayek has qualified for in forma pauperis status and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Mayek's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will grant Mayek leave to proceed on a handful of claims under the Eighth Amendment to the United States Constitution, and I will give Mayek a chance to supplement his complaint to address various pleading problems discussed below.

ALLEGATIONS OF FACT

Plaintiff Gerald Scott Mayek is a prisoner at WSPF. In May 2019, Mayek suffered an injury to his spine that left him in severe pain. In June, defendant Timothy Brieske at Gundersen Hospital in Boscobel diagnosed him with a compression fracture of his L3 vertebra. Brieske prescribed him pain medication that was ineffective. Four days later, Mayek attempted suicide because the pain was so severe. Mayek received stronger medication about a week later that was effective to treat his pain. But two weeks later, that medication was discontinued, leaving him in severe pain. Mayek doesn't say who ordered him the stronger medication or who discontinued it.

Also in June, a nurse at Gundersen Hospital called non-defendant Nurse Erin Wehrle about Mayek having surgery to repair the spinal injury. Wehrle said that she would pass on the information, but "nothing was ever done with this information." Dkt. 1, at 4.

Since then, Mayek has suffered severe pain; he asked defendants Health Services Unit Manager L. Adams and physicians Eileen Gavin and Dr. Gross for stronger medication but they would not give him anything stronger than Tylenol.

In September 2020, Mayek was sent to La Crosse for a consultation with a doctor who recommended an epidural injection, medical mattress, and gabapentin. The doctor also told him that it was now too late to have surgery to fix the problem. Back at WSPF, Mayek received an epidural, which was not effective, and I take Mayek to be saying that it caused him negative side effects: he says that he "now jerk[s] and twitch[es] as if [he's] receiving electrical shocks," and he walks "with a drunken gait." *Id.* at 5. Staff at WSPF would not give him a medical mattress or gabapentin.

ANALYSIS

Mayek contends that defendants have violated his rights under the Eighth Amendment by failing to adequately treat his pain from a fractured vertebra or to arrange for surgery.

The Eighth Amendment prohibits prison officials from acting with conscious disregard to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). Mayek complains of a fractured vertebra and severe pain, which is enough to show that he had serious medical needs.

To state an Eighth Amendment claim, a plaintiff must also allege that the defendant knows of and consciously disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Mayek alleges that defendant Brieske gave him ineffective pain medication when he first diagnosed him with the factored vertebra. But this suggests only that Brieske made an error in initially treating his pain, which is not enough to state an Eighth Amendment claim. And Mayek does not state that he wishes to bring state-law medical malpractice or negligence claims against any of the defendants in this lawsuit. So I will not grant him leave to proceed on a claim against Brieske.

Mayek alleges that defendants Adams, Gavin, and Gross failed to give him effective pain medication even after he complained about his prescription being ineffective. A prison medical provider can violate the Eighth Amendment by providing care but then "persist[ing] in a course of treatment known to be ineffective." *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016). I will grant Mayek leave to proceed with Eighth Amendment claims against defendants Adams, Gavin, and Gross.

The rest of the complaint fails to comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). And to state a claim for a violation of his constitutional rights, Mayek needs to explain how each named defendant was personally involved in violating his rights. *See* 42 U.S.C. § 1983 (plaintiff may bring lawsuit against "every person" who violated his rights). *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017).

Mayek doesn't explain who discontinued the pain medication that he says was working for him, or who refuses to give him a medical mattress or gabapentin. He does say that Nurse Wehrle failed to pass on information about having surgery to repair his vertebra fracture, but he doesn't name Wehrle as a defendant in this lawsuit. And he says that the epidural caused him negative side effects, but he doesn't name the consulting doctor as a defendant and even if he did, he doesn't suggest that the medication's ineffectiveness or side effects he suffered were the result of conscious disregard on the part of that doctor.

4

Mayek also names parties as defendants—"John Doe Employers" and the Wisconsin Patients Compensation Fund—against whom he states no claims. Mayek can't sue the state in a lawsuit like this one under 42 U.S.C. § 1983. Even if the individual defendants were contracted to WSPF by a private corporation, a corporation cannot be held liable under a respondeat superior theory in § 1983 cases. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). A plaintiff could bring a claim against a corporation if his injuries were the result of the company's custom or practice, *id.*, but Mayek's allegations do not support that type of theory. As for the Wisconsin Patients Compensation Fund, that entity can be sued only under Wisconsin law. *See* Wis. Stat. 655.27(5). But Mayek does not state that he wishes to bring state-law medical malpractice or negligence claims.

I will stay service of the complaint upon Adams, Gavin, and Gross to give Mayek a chance to fix his pleading problems by filing a supplement to the complaint addressing the problems discussed above. He should draft his supplement as if he were telling a story to people who know nothing about the events at issue. In particular, he should include in the caption as a defendant each person or entity he wishes to sue, and he should explain specifically what each defendant did to harm him. If Mayek fails to respond to this order by the deadline below, I will order the complaint served only on Adams, Gavin, and Gross.

ORDER

IT IS ORDERED that:

1. Plaintiff Gerald Scott Mayek is GRANTED leave to proceed on Eighth Amendment medical care claims against defendants L. Adams, Eileen Gavin, and Dr. Gross.

2. Plaintiff may have until June 1, 2021, to submit a supplement to his complaint addressing the pleading problems discussed in the opinion above.

Entered May 11, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge